UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>HUGO ARGUETA-GONZALEZ,<br><br>　　　　　　　　Defendant. | Case No. CR13-333 JLR<br><br>DETENTION ORDER |

<u>Offenses charged</u>:

　　Count 1:　　Conspiracy to Distribute Controlled Substances, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846;
　　Count 2:　　Conspiracy to Import Controlled Substances, 21 U.S.C. §§ 960(a)(1) and (b)(1)(A), 952(a), and 963; and
　　Count 3:　　Conspiracy to Export Controlled Substances, 21 U.S.C. §§ 960(a)(1), (b)(1)(A), (b)(1)(B), 953(a), and 963.

<u>Date of Detention Hearing</u>: On June 18, 2020, the Court held a hearing via a WebEx videoconference, with the consent of Defendant who was appearing by telephone, due to the exigent circumstances as outlined in General Order 08-20.

　　The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the reasons for detention hereafter set forth, finds:

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

1. There is therefore a rebuttable presumption of detention pursuant to 18 U.S.C. § 3142(e).

2. This is an indictment from 2013. Defendant poses a flight risk because he has foreign ties to three countries and is a citizen of Canada and of El Salvador.

3. The nature and circumstances of the offense charge are serious as they involve the importation and exportation of controlled substances.

4. There does not appear to be any condition or combination of conditions that will reasonably assure the Defendant's appearance at future court hearings while addressing the danger to other persons or the community.

5. Taken as a whole, the record does not effectively rebut the presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community.

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial, and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is

confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4)   The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the Defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

Dated this 18th day of June, 2020.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge

DETENTION ORDER - 3