UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br>     v.<br><br>HUGO ARGUETA-GONZALEZ,<br><br>                     Defendant. | CASE NO. CR13-0333JLR<br><br>ORDER |

## I.  INTRODUCTION

Before the court is *pro se* Defendant Hugo Argueta-Gonzalez's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2).  (Mot. (Dkt. # 33); Reply (Dkt. # 37).)  Plaintiff the United States of America (the "Government") opposes Mr. Argueta-Gonzalez's motion.  (Resp. (Dkt. # 36).)  The court has considered Mr. Argueta-Gonzalez's motion, the parties' submissions in support of and in opposition to

//

//

ORDER - 1

1  the motion,[1] the relevant portions of the record, and the applicable law.  Being fully
2  advised, the court DENIES Mr. Argueta-Gonzalez's motion.

## II.  BACKGROUND

Mr. Argueta-Gonzalez is a 58-year-old inmate who is currently detained at Federal Correctional Institution ("FCI") Fort Dix.  *See Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Jan. 25, 2024).  Throughout 2012 and 2013, Mr. Argueta-Gonzalez conspired with multiple confidential informants to transport illicit substances across the U.S.-Canada border for distribution.  (*See* Presentence Investigation Report ("PSR") (Dkt. # 27 (sealed)) at 4.)  Following Mr. Argueta-Gonzalez's arrest in Canada in 2017 and his extradition to the U.S. in 2020 (*id.* at 3), Mr. Argueta-Gonzalez pleaded guilty to one count of conspiracy to distribute controlled substances (Plea Agreement (Dkt. # 24) at 1).  He had no prior criminal history.  (PSR at 7.)

On March 1, 2021, the court sentenced Mr. Argueta-Gonzalez to 74 months of imprisonment followed by four years of supervised release—a significant downward departure from the guideline range of 210 to 262 months.  (*See* 3/1/21 Min. Entry (Dkt. # 31); Judgment (Dkt. # 32); Sentencing Recommendation (Dkt. # 28 (sealed)) at 1; Pl. Sentencing Mem. (Dkt. # 29) at 5.)  In imposing this sentence, the court relied on the

---

[1] Mr. Argueta-Gonzalez's reply appears to be untimely. (*See* Sched. Order (Dkt. # 34) at 2 ("Any Reply Brief shall be filed within seven days after service of the Government's Response.").  *See generally* Resp. (filed on December 6, 2023); Reply (filed on January 8, 2024).)  Because the Government never moved to strike Mr. Argueta-Gonzalez's untimely filing (*see generally* Dkt.), the court exercises its discretion to consider the reply.  *See, e.g.*, *Martinez v. IndyMac Mortg. Servs.*, No. EDCV 10-01495 VAP(PJWx), 2010 WL 11556594, at *1 n.1 (C.D. Cal. Dec. 2, 2010) (exercising discretion to consider untimely filings).

factors set forth in 18 U.S.C. § 3553(a), including Mr. Argueta-Gonzalez's personal background and characteristics such as his history as a refugee, immigration status, clean criminal record, age, and post-arrest cooperation with authorities. (*See* Pl. Sentencing Mem. at 7; Def. Sentencing Mem. (Dkt. # 30) at 2-7; Sentencing Recommendation at 2-3.) Mr. Argueta-Gonzalez's projected release date is July 9, 2024. *See Inmate Locator*. On November 13, 2023, Mr. Argueta-Gonzalez filed a motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the U.S. Sentencing Guidelines. (*See* Mot. at 1.)

### III.   ANALYSIS

The court begins with the principle that a "judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). 18 U.S.C. § 3582(c)(2) carves an exception to the general rule of finality, providing that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). To qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2), two conditions must be met: (1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable guidelines amendment; and (2) the sentence reduction sought

ORDER - 3

must be consistent with the Sentencing Commission's applicable policy statements. *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam).  The court lacks jurisdiction to grant a sentence reduction absent these two requirements.  *See United States v. Wessen*, 583 F.3d 728, 730-31 (9th Cir. 2009).

Relevant here, Amendment 821 to the Sentencing Guidelines took effect November 1, 2023, and applies retroactively.  *See Sentencing Guidelines for the United States Courts*, 88 Fed. Reg. 60534 (Sept. 1, 2023); *Amendment 821*, U.S. Sent'g Comm'n, https://www.ussc.gov/guidelines/amendment/821 (last visited Jan. 25, 2024). "Part B, Subpart 1 of the amendment provides a two-level reduction in the offense level for certain zero-point offenders—that is, defendants with no criminal history whose offenses meet the guideline's criteria." *United States v. Diaz-Diaz*, No. CR19-0187JCC, 2023 WL 9040636, at *1 (W.D. Wash. Dec. 29, 2023); *see also* United States Sentencing Guidelines ("U.S.S.G.") § 4C1.1(a).

Mr. Argueta-Gonzalez had no criminal history when sentenced.  (PSR at 7.)  He now argues he is entitled to a reduction in sentence through the retroactive application of Amendment 821, which reduces his total offense level from 37 to 35 and his guideline range from 210-262 months to 168-210 months.  (Mot. at 1, 7; Reply at 1.)  The Government does not dispute that Amendment 821 reduces Mr. Argueta-Gonzalez's total offense level and guideline range in this manner but argues he "is not eligible for a reduction in sentence because his original sentence is already significantly shorter than the low end of his amended range." (Resp. at 5 (citing U.S.S.G. § 1B1.10(b)(2)(A)-(B)).) Mr. Argueta-Gonzalez replies that, despite receiving a sentence well below the standard

range, his reduced guideline range following Amendment 821 should still produce a corresponding reduction in his sentence. (Reply at 1-2.) The court agrees with the Government.

As noted, the court may only reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) if such a reduction is consistent with the Sentencing Commission's applicable policy statements. *Waters*, 771 F.3d at 680. United States Sentencing Guidelines § 1B1.10(b)(2) provides that, except for defendants who received a sentence reduction based on substantial assistance to the United States, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2). Here, the court imposed a sentence of 74 months of imprisonment, which is below the low end of the amended range. Accordingly, and because the record does not show that Mr. Argueta-Gonzalez received a sentence reduction based on substantial assistance to the United States, the policy statement precludes any reduction in his sentence. *See id.*; *see also Diaz-Diaz*, 2023 WL 9040636, at *1 (holding the policy statement precluded a reduction in sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 where the defendant's original 72-month sentence was below the low end of the amended range).

### IV. CONCLUSION

For the foregoing reasons, the court DENIES Mr. Argueta-Gonzalez's motion for a reduction in sentence (Dkt. # 33).

//

1    Dated this 25th day of January, 2024.

JAMES L. ROBART
United States District Judge

ORDER - 6